(No. 79-CV-0164—

*In re* APPLICATION OF NATHAN HAMPTON.

*Order filed February 21, 1980.*

NATHAN HAMPTON, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOU-DREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 22, 1978. Nathan Hampton seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 22, 1978, the Claimant was shot by Bennie Brown, the uncle of his girlfriend. The Claimant had followed his girlfriend to Mr. Brown's apartment at 1639 W. 66th Street, Chicago, Illinois, where the incident occurred. After Mr. Brown refused to let the Claimant into the apartment, the Claimant forcibly entered the apartment by breaking the locks from the door. When he entered the apartment, the Claimant threatened to kill his girlfriend and Mr. Brown. At this time, the Claimant was shot by Mr. Brown. The Claimant was taken to Englewood Hospital for treatment of a gunshot wound to his abdomen. Mr. Brown was charged with failure to register the gun involved in the shooting. The Claimant was charged with criminal damage to property regarding his entrance into Mr. Brown's apartment.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and

the police report that the Claimant's injury was substantially attributable to the Claimant's forcing entry into Mr. Brown's apartment and the threats he directed against his girlfriend and Mr. Brown.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.